**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

MICKEY LEE VANDERPOOL,          :
                                     Civil Action No. 05-1292 (WJM)
            Petitioner,         :

      v.                        :   **OPINION**

PETER HARVEY,                   :

            Respondent.         :


**APPEARANCES:**

Mickey Lee Vanderpool, Petitioner pro se
SBI # 486 365A
Special Treatment Unit
3035 Hackensack Avenue
P.O. Box 699
Kearny, NJ 07032


**MARTINI**, District Judge

    Petitioner Mickey Lee Vanderpool, currently confined at the Special Treatment Unit at Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The sole respondent is New Jersey Attorney General Peter Harvey.

---

    [1] Section 2254 provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Notice has been given pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000).  For the reasons set forth below, the Petition must be dismissed without prejudice.  <u>See</u> 28 U.S.C. § 2243.

## I.   <u>BACKGROUND</u>

These background facts are gleaned from the Petition and from Petitioner's Letter response [5] to this Court's Opinion and Orders [3, 4] entered on April 14, 2005.  They are presumed to be true for purposes of this Opinion and the accompanying Order.

Petitioner asserts that he returned to confinement on a criminal conviction for rape following the revocation of his parole.  The Parole Board then ordered him to the Adult Diagnostic Treatment Center for a Delonges Evaluation pursuant to <u>State v. Delonges</u>, 128 N.J. Super. 140 (App. Div. 1974).  After a series of legal proceedings, on January 22, 2003, the Parole Board reinstated Petitioner's parole status and stated that he would be released upon submitting a parole release plan.  Petitioner submitted a parole release plan on April 1, 2003.

That same day, ADTC Administrator Ms. Grace Rogers told Petitioner that she was having his parole placed on hold so that she could have him screened for civil commitment as a sexually-violent predator.  On May 2, 2003, Petitioner was temporarily committed to the Special Treatment Unit for screening.  It appears that Petitioner was eventually civilly committed.

Petitioner has an administrative appeal of the commitment order pending before the Superior Court of New Jersey Appellate Division.  Petitioner states that his Public Defender is not moving his appeal forward in a timely fashion.  Petitioner attaches to his Letter a copy of an Order of the Appellate Division, dated February 22, 2005, on his motion to expedite his appeal, which states that "The appeal shall be listed on the first available calendar after the appeal in A2588-03 is perfected.  The appeals shall be placed on the same calendar."

Petitioner alleges that it is unconstitutional to confine him in the Special Treatment Unit, pursuant to a civil commitment as a sexually-violent predator, at the same time he is serving a criminal sentence.

By Opinion and Order [4] entered April 14, 2005, this Court found that Petitioner had failed to name a proper respondent and granted him 45 days to file an amended petition naming his custodian as respondent or face dismissal for failure to name an indispensable party.  Also on April 14, 2005, this Court provided Petitioner the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

On May 17, 2005, this Court received an Application for appointment of counsel[4] and a Letter [5] from Petitioner expanding the factual background for the Petition, but not naming

3

a custodian as respondent.  Petitioner has filed no further response to this Court's April 14, 2005, Opinion and Orders.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

III.   ANALYSIS

As Petitioner has failed to name his custodian as a respondent, the Petition is subject to dismissal without prejudice for failure to name an indispensable party, for the reasons stated in this Court's April 14, 2005, Opinion and Order.

In addition, it is apparent that the Petition is unexhausted.  A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary

appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

Exhaustion is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987.  In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities

of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987).

Here, although Petitioner complains that his state court appeal is not moving expeditiously, it is apparent from the facts alleged and from the Appellate Division order that any delay stems not from the courts, but from Petitioner's own counsel. Such delay cannot excuse Petitioner's obligation to exhaust his state court remedies. The Appellate Division, in which Petitioner's appeal is pending, is the proper forum in which to raise any claims regarding Petitioner's counsel.

For the foregoing reasons, the Petition must be dismissed without prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is subject to dismissal for failure to exhaust and for failure to name a proper respondent. No certificate of appealability will issue.

## V.   CONCLUSION

For the reasons set forth above and in this Court's Opinion and Order of April 14, 2005, the Petition must be dismissed without prejudice. An appropriate order follows.

                        s/William J. Martini

                        William J. Martini
                        United States District Judge

Dated: July 26, 2005